UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

EDWARD C. COOK,                          )
JASON GRIDER,                            )
KENNETH LAINHART,                        )
ROBERT PEACHER,                          )
                                         )
                    Plaintiffs,          )
                                         )
          v.                             )          No. 1:18-cv-03198-SEB-TAB
                                         )
CHARLES WILEY Sergeant,                  )
JASON GRIFFITH Sergeant,                 )
MICHAEL SPURGIN Captain,                 )
                                         )
                    Defendants.          )

## ENTRY ON STATUS CONFERENCE OF OCTOBER 10, 2019

On October 10, 2019, the Court conducted a status conference in this action. Defendants

appeared by counsel. Plaintiffs Cook, Grider, and Peacher participated *pro se* by video and

Plaintiff Lainhart participated *pro se* by telephone.

As a result of the conference, the Court issues the following rulings:

1. Plaintiffs' motion to compel, dkt. [56], is **granted to the extent** that Defendants must

   produce the following:

   a. The names and job titles of staff members who were on the unit on September 4,
      2018;
   b. A video from the chow hall on September 8, 2019, in which Defendant Griffin
      allegedly talked to Peacher about the September 4, 2018, incident; and
   c. Defendant Michael Spurgin's responses to Plaintiffs' requests for admission (if
      not already served).

With respect to redacted documents discussed during the conference, Defendants

reported that they have sent a privilege log to Plaintiffs. Plaintiffs shall review the

privilege log and if they have additional objections, they shall attempt to resolve those with defense counsel before seeking any intervention from the Court.

2. Plaintiffs' motion for order to obtain affidavits, dkt. [64], is **granted to the extent** that Defendants represented that there is no policy preventing Indiana Department of Correction (IDOC) staff from providing statements or declarations to inmates for litigation purposes. The policy reportedly requires staff to notify the Warden if they do give statements or declarations to inmates. As will be discussed further in this Entry, if counsel is recruited, counsel will assist Plaintiffs in obtaining declarations or conducting depositions, if the case does not settle before such discovery is needed.

3. Plaintiffs' motion for assistance with obtaining a court reporter, dkt. [69], is **denied** because the Court lacks the authority to do so.

4. Plaintiffs' motion to grant motion to compel, dkt. [71], is **granted to the extent** consistent with the ruling in paragraph 1 of this Entry.

5. Plaintiffs' motion for extension of time for discovery, dkt. [77], and Defendants' motion to extend discovery deadline, dkt. [92], are **granted** subject to the pretrial schedule being reset after a settlement conference that will be set by separate order. Discovery may proceed in the meantime.

6. Plaintiffs' motion for leave to take depositions by interrogatories, dkt. [78], is **denied as moot** because if depositions are needed after the settlement conference, recruited counsel will assist in that way.

7. Plaintiffs' motion to appear at depositions, dkt. [93], is **granted.** They have the right to be present if depositions are taken. If Plaintiffs have counsel, Plaintiffs' appearance at any deposition shall be by counsel. If Plaintiffs do not have counsel, Plaintiffs shall be

permitted to appear telephonically.  Given the logistics of the four Plaintiffs being incarcerated at two different facilities, it is not practical to allow Plaintiffs to participate to a more significant degree.

8.  Defendants' motion for extension of time to respond to Plaintiffs' motion for summary judgment, dkt. [95], is **granted to the extent** that the deadline to respond will be reset, if necessary, after the settlement conference.  Plaintiffs shall also discuss with recruited counsel whether their motion for summary judgment will be withdrawn without prejudice prior to the settlement conference.

9.  Plaintiffs' motion for ruling on motion for summary judgment, dkt. [98], is **denied as premature.**

10. Plaintiffs' motion to compel requests for production, dkt. [107], is **granted to the extent** consistent with the ruling in paragraph 1 of this Entry.

11. The parties discussed interrogatories directed to Defendant Spurgin that asked about incidents relating to a non-party witness.  The Court **sustained** Defendants' objection on the basis of relevancy.

12. Defendants' motion for *in camera* review, dkt. [117], is **granted**.  The Court reviewed the documents at issue and agrees that they do raise safety concerns.  Defendants do not object to producing the policies at issue to recruited counsel "for counsel's eyes only."  Thus, Defendants shall produce the documents **within seven (7) days** of recruited counsel's appearance in the case.

13. Plaintiffs identified six individuals from whom they want to either obtain affidavits/declarations or take depositions.  One of those individuals is former IDOC employee Sgt. Patrick Detrick.  Defendants have agreed to provide Sgt. Detrick's last

known address and any other relevant contact information to recruited counsel so that, if needed, counsel will be able to attempt to contact Sgt. Detrick.

14. The parties agreed that it would be beneficial for the Court to set this action for a settlement conference. The Court will attempt to recruit counsel to assist Plaintiffs with preparing for and participating in the settlement conference. If the case does not settle, recruited counsel will be asked to assist Plaintiffs with either obtaining affidavits/declarations from witnesses or taking depositions.

15. The **clerk is requested to** include a copy of the Court's Motion for Assistance with Recruiting Counsel with Plaintiffs' copies of this Entry. Plaintiffs shall each complete and sign this form because it includes conditions to which each Plaintiff must agree whenever the Court recruits volunteer counsel. Plaintiffs shall each **file this motion not later than October 30, 2019.**

**IT IS SO ORDERED**.

Date: 10/11/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

EDWARD C. COOK
998849
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

JASON GRIDER
966629
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

KENNETH LAINHART
 G D6-5
INDIANA STATE PRISON
Electronic Service Participant – Court Only

ROBERT PEACHER
881627
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only


Lyubov Gore
INDIANA ATTORNEY GENERAL
lyubov.gore@atg.in.gov

Brandon Alan Skates
INDIANA ATTORNEY GENERAL
brandon.skates@atg.in.gov